NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA
CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>703 BAKERY CORP., a New York corporation; OLEG AZIZOV, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant 703 Bakery Corp. ("703 Bakery") is, and at all times relevant to this action was, a New York domestic business corporation with its principal place of business in the State of New York, County of Kings.

3. Defendant Oleg Azizov ("Azizov") (collectively, with 703 Bakery, "Defendants"), an individual, is and at all times relevant to this action was a resident of the State of New York, County of Kings, and was an officer, director, shareholder, agent, and/or owner of Defendant 703 Bakery.

4. Plaintiff is informed and believes, and thereon alleges, that all Defendants, including any directors, members, or shareholders of any defendant entities, are all located outside of California and Georgia.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein below, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

## FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement)
### (Against 703 Bakery)

10. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

11. Prior to June 2022, Balboa is informed and believes that 703 Bakery initiated and engaged with Direct Commercial, Kitchen, Restaurant and Bakery located at 1100 Coney Island Ave, 2nd Floor, Brooklyn, NY 11230 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The

1  Equipment Vendor worked with 703 Bakery in the selection of the Collateral and in
2  coordinating its delivery.
3        12.    Thereafter, Balboa is informed and believes, and therefore alleges, that
4  the Equipment Vendor initiated and coordinated submission of Defendants'
5  electronic credit application to Balboa and other financial institutions.  Upon
6  review, 703 Bakery concluded that Balboa offered agreeable terms to finance the
7  Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor
8  accumulated and submitted to Balboa the requisite signatories, documentation and
9  financial information from the Defendants to finance the Collateral being supplied
10 by the Equipment Vendor.
11       13.    On or about May 9, 2022, 703 Bakery executed a certain written
12 Equipment Financing Agreement No. 405807-000 (the "EFA"), under the terms of
13 which Balboa loaned to 703 Bakery the sum of One Hundred Fifty Thousand Seven
14 Hundred Sixty-Three Dollars and Ninety-Eight Cents ($150,763.98) in order to
15 finance the Collateral for its business.  The EFA required 703 Bakery to make
16 twenty (20) quarterly payments of $11,039.11, payable on the 1st day of each three-
17 month period beginning September 1, 2022.  A true and correct copy of the EFA is
18 attached as **Exhibit A** and is incorporated here by reference.
19       14.    The last payment received by Balboa was credited toward the quarterly
20 payment due for December 1, 2023.  Therefore, on or about March 1, 2024, 703
21 Bakery breached the EFA by failing to make the quarterly payment due on that
22 date.  Defendant 703 Bakery's failure to make timely payments is a default under
23 the terms of the EFA.
24       15.    In accordance with the EFA, and as a proximate result of 703 Bakery's
25 default thereunder, Balboa declared the entire balance of the payments under the
26 EFA to be immediately due and payable to Balboa.  Therefore, there became due
27 the sum of $154,547.55.  These amounts are exclusive of interest, attorneys' fees
28 and costs, no portion of which sum has been paid by 703 Bakery.

16. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of 703 Bakery.

17. As a proximate result of 703 Bakery's breach of the EFA, Balboa has been damaged in the total sum of **$154,547.54**, plus prejudgment interest from March 1, 2024, until the entry of judgment herein.

18. Further, under the terms of the EFA, 703 Bakery promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against 703 Bakery.

19. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

**(Breach of Personal Guaranty)**

**(Against Azizov)**

20. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

21. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with 703 Bakery, Azizov guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Azizov (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

COMPLAINT

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Azizov.

23. Following a default of 703 Bakery under the terms of the EFA, Balboa demanded Azizov make the payments required under the EFA. Azizov failed to meet the Guaranty obligations and make the payments required under the EFA.

24. Pursuant to the terms of the Guaranty, the sum of $154,547.54, plus prejudgment interest from March 1, 2024, is due and payable to Balboa from Azizov. This Complaint, in addition to previous demands, shall constitute further demand upon Azizov to pay the entire indebtedness due and owing from 703 Bakery to Balboa under the terms of the EFA.

25. Under the terms of the Guaranty, Azizov promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Azizov.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

1. The sum of $154,547.54;

2. Prejudgment interest from March 1, 2024 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

COMPLAINT

7. Such other and further relief that the Court considers proper.

DATED: May 28, 2024                SALISIAN | LEE LLP

By: _____
 Neal S. Salisian
 Glenn Coffman
 Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION