UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 24-1125 PA (PVCx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Balboa Capital Corp. v. Oleg Azizov | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiff Balboa Capital Corporation ("Plaintiff") (Docket No. 23). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for September 23, 2024, is vacated, and the matter taken off calendar.

**I.     Background**

According to Plaintiff, defendant Oleg Azizov ("Defendant" or "Azizov") signed a personal guaranty arising out of a June 2022 equipment financing agreement in which Azizov's company, 703 Bakery Corp. ("703 Bakery"), agreed to be bound. Plaintiff agreed to loan to 703 Bakery $150,763.98 and 703 Bakery agreed to make 20 quarterly payments of $11,039.11. 703 Bakery breached the equipment financing agreement when it failed to make a scheduled payment on March 1, 2024. As a result of that default, Plaintiff declared the entire balance of payments under the agreement immediately due and payable. Based on the payments Plaintiff received from 703 Bakery, Plaintiff is still owed $143,508.44, plus prejudgment interest at the statutory rate of 10% per annum of $8,137.17, recoverable costs of $504.00, and attorneys' fees, as allowed in the parties' agreement, of $6,470.16. Although Plaintiff initially named 703 Bakery as a defendant in this action, Plaintiff dismissed 703 Bakery after it filed a bankruptcy petition, and is instead only pursuing a claim for breach of personal guaranty against Azizov.

According to the Proof of Service filed by Plaintiff, Plaintiff served Defendant with the Summons and operative Second Amended Complaint on July 2, 2024. Defendant has not timely filed an Answer or otherwise appeared in this action. The Clerk entered the default of Defendant on July 31, 2024. To date, despite being served with notice of this Motion, and the expiration of his time to respond, Defendant has not filed an Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 24-1125 PA (PVCx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Balboa Capital Corp. v. Oleg Azizov | | |

**II.    Discussion**

    **A.    Liability**

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and Defendant's failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of this case outweighs Defendant's interest in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). In addition, there is "no indication that Defendants' default is due to excusable neglect, or that the material facts are in dispute." Halsey v. Colonial Asset Management, 13-cv-02025, 2014 WL 12601015, at *2 (C.D. Cal. July 17, 2014).

    **B.    Damages**

While liability allegations are deemed admitted in a motion for default judgment, damage allegations in the complaint are not. Geddes, 559 F.2d at 560. Plaintiff requests an award of actual damages, prejudgment interest, attorneys' fees, and costs. The Court concludes that Plaintiff has provided satisfactory evidence in support of the award of $143,508.44 in actual damages, plus prejudgment interest at the statutory rate of 10% per annum of $8,137.17. The equipment financing agreement also includes an attorneys' fee provision. The Court therefore concludes that Plaintiff is entitled to attorneys' fees of $6,470.16, as provided in the formula contained in Local Rule 55-3. The Court also awards Plaintiff its recoverable costs of $504.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 24-1125 PA (PVCx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Balboa Capital Corp. v. Oleg Azizov | | |

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion for Default Judgment. The Court awards Plaintiff $158,619.77 (consisting of $143,508.44 in actual damages, $8,137.17 in prejudgment interest, $6,470.16 in attorneys' fees, and $504.00 in costs). The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.